```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROBERT MCEVOY, individually and on              :
behalf of other persons similarly situated who  :
were employed by PROTEIN SCIENCES              :    MEMORANDUM DECISION
CORPORATION, and/or any other entities          :
affiliated with or controlled by PROTEIN        :    14 CV 9548 (VB)
SCIENCES CORPORATION,                           :
                        Plaintiffs,             :
                                                :
v.                                              :
                                                :
PROTEIN SCIENCES CORPORATION, and/or            :
any other entities affiliated with or controlled by :
PROTEIN SCIENCES CORPORATION,                   :
                        Defendant.              :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Robert McEvoy brings this putative class action against defendant Protein Sciences Corporation ("PSC") for violation of the Fair Labor Standards Act, and New York and Connecticut labor laws.

Defendant moves to transfer venue to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. 1404(a). (Doc. #13). Plaintiff has not opposed the motion.

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff, a resident of Connecticut, was employed by PSC between January 2011 and July 2014. Plaintiff alleges PSC wrongfully withheld overtime wages from plaintiff and other similarly situated employees from December 2008 through the present.

Plaintiff alleges PSC "is a corporation organized and existing under the laws of the state of Delaware, with headquarters located at 401 North Middletown Road, Pearl River, New York

1

10965." (Compl. ¶ 9).  Defendant responds, "PSC's corporate headquarters are located at 875 and 1000 Research Parkway, in Meriden, Connecticut." (Adams Decl. ¶ 5).  Defendant further states, "PSC's Pearl River location has only been in operation for a few years and operates only as a manufacturing plant."  (Id.).  Finally, defendant notes: "[A]ll decisions relating to PSC's employment practices took place in Connecticut.  All payroll policies were established in Connecticut.  All submissions for overtime pay are made in Connecticut, and PSC's payrolls are processed in Connecticut, even for employees who work in New York."  (Id. ¶18).

## DISCUSSION

I.      Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "The purpose of [Section] 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  In re Stillwater Mining Co. Sec. Litig., 2003 WL 21087953, at *2 (S.D.N.Y. May 12, 2003) (internal quotation marks omitted).

"Absent consent, a motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate."  Mohsen v. Morgan Stanley & Co. Inc., 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks and brackets omitted).

The moving party carries the burden of making a clear and convincing showing that transfer is appropriate.  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114

2

(2d Cir. 2010).  In deciding a motion to transfer, a court may consider material outside the pleadings.  Mohsen v. Morgan Stanley & Co. Inc., 2013 WL 5312525, at *3 (collecting cases).

II.     Transfer

   A.     District of Connecticut

Venue is determined pursuant to 28 U.S.C. § 1391(b), which provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

The parties appear to dispute the location of PSC's principal place of business.  Plaintiff alleges PSC's headquarters are located in Pearl River, New York.  Defendant provides a sworn declaration from Daniel Adams, PSC's Executive Chairman and Global Head of Business Development, stating the corporation's principal place of business is Meriden, Connecticut. (Adams Decl. ¶ 5).  Mr. Adams explains the Pearl River location "has only been in operation for a few years and operates only as a manufacturing plant."  (Id.).  Plaintiff has not contested these statements.  The Court credits Mr. Adams's declaration, and concludes PSC's principal place of business is Meriden, Connecticut.

Moreover, defendant states plaintiff worked at PSC's Connecticut locations, and the Meriden location is "the location of [PSC's] management, [and] the place from which payroll is processed."  (Def.'s Mem. at 1).  Thus, the Court concludes a substantial part of the events or omissions giving rise to the claim occurred in Connecticut.

Accordingly, the Court concludes venue is proper in the District of Connecticut.  Because this action could have been filed in the District of Connecticut, the Court must evaluate whether transfer is warranted.

B.     Appropriateness of Transfer

The Court determines whether transfer is appropriate based on the following factors: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Glass v. S & M NuTec, LLC, 456 F. Supp. 2d 498, 501 (S.D.N.Y. 2006).

A district court has broad discretion to balance these factors and consider the evidence of convenience and fairness on a case-by-case basis in order to protect litigants and prevent the waste of time, energy, and resources.  See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); Filmline (Cross–Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). However, "[t]here is no rigid formula for balancing these factors and no single one of them is determinative." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

Almost all of the above-mentioned factors weigh in favor of transfer to Connecticut. Plaintiff resides in Connecticut, and defendant has represented that its principal place of business—including its management and over 75% of its employees—is in Connecticut. Defendant states that all the witnesses who may be called at trial live and work in Connecticut, and "[e]very document that would be relevant to [plaintiff's] claims and PSC's defenses are located in Connecticut."  (Adams Decl. ¶ 19).  Further, because defendant managed its payroll from the Meriden facility, and plaintiff worked at PSC's Connecticut locations, the locus of operative facts is in Connecticut.

The only factor weighing against transfer, plaintiff's choice of forum, is not as compelling when, as here, plaintiff has not opposed the motion to transfer.  See, e.g., Sanders v. Delta Air Lines, Inc., 2013 WL 5755248, at *2 (E.D.N.Y. Oct. 23, 2013) (discounting plaintiff's choice of forum in transfer analysis when plaintiff did not oppose transfer motion).

After considering the convenience of the parties and witnesses, and the interest of justice, the Court finds transfer is appropriate.

## CONCLUSION

Defendant's motion to transfer GRANTED.

The Clerk is instructed to terminate the motion (Doc. #13), and transfer this case to the United States District Court for the District of Connecticut.

Dated: March 23, 2015
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge